**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4255**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRIO TYRELL JONES,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry F. Floyd, District Judge.
(8:09-cr-00446-HFF-1)

Submitted: February 18, 2011          Decided:  March 18, 2011

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, A. Lance Crick, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrio Tyrell Jones pled guilty to possession of crack, powder cocaine, MDMA (Ecstasy) and marijuana with intent to distribute on June 20, 2007 (Count One); possession of crack, powder cocaine, and MDMA with intent to distribute on December 23, 2006 (Count Two); possession of crack with intent to distribute on July 12, 2008 (Count Three); and possession of marijuana with intent to distribute on March 16, 2009 (Count Four). The district court sentenced him within the advisory guideline range to a term of 104 months imprisonment. Jones appeals his sentence, contending that the district court committed significant procedural error by failing to explain adequately why it rejected his argument for a lower sentence based on the sentencing disparity produced by the then-current crack/powder cocaine ratio. We affirm.

Jones argued at sentencing for a lower ratio based on legislation then pending in Congress,[*] which he asserted had the attorney general's support. The court observed that it had witnessed the bad effects of crack and that Jones had benefitted from the 2007 amendments which lowered the guidelines for crack offenses. The government noted that Jones' charges all involved

_____

[*] The Fair Sentencing Act of 2010, which was enacted on August 3, 2010, changed the ratio from 100:1 to 18:1. Pub. L. No. 111-220, 124 Stat. 2372.

2

significant amounts of narcotics, and that he had resisted arrest and tried to flee in three of the four charged incidents. The government argued that a sentence within the guideline range would reflect the seriousness of the offense, afford adequate deterrence and protect the public from further crimes by Jones. See 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010). The district court explicitly adopted the government's view of the § 3553(a) factors when it imposed a sentence within the guideline range.

A sentence is reviewed for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable guidelines range, failing to consider the 18 U.S.C.A. § 3553(a) factors, or failing to adequately explain the sentence. Id. The district court "must place on the record an individualized assessment based on the particular facts of the case before it [which] . . . provide[s] a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks, footnote, and citation omitted). This is true even when the district court sentences a defendant within the applicable guidelines range. Id. At the same time, a sentence imposed within a

3

properly calculated guidelines range enjoys a presumption of reasonableness on appeal.  United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-guidelines sentence).  Thus, an extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'"  United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita, 551 U.S. at 356), cert. denied, 131 S. Ct. 165 (2010).

Although Jones did not object to the alleged inadequacy of the district court's ruling at sentencing, he preserved the issue for appeal simply by requesting a below-guideline sentence.  See United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010).  He maintains on appeal that the district court "failed to consider or explain why it rejected application of a lower crack/powder ratio" under § 3553(a).  After review of the record, we are satisfied that the court adequately explained its rejection of Jones' argument when it adopted the government's position that a sentence within the guideline range best served the § 3553(a) factors in light of his repeated drug trafficking conduct, his resistance to law enforcement authorities, and his history of flight when

4

arrested.  We conclude that the court rendered a sufficiently individualized assessment to permit appellate review of the sentence.  To the extent that Jones contests the substantive reasonableness of his sentence, we exercise our discretion to "apply a presumption of reasonableness" to his within-guideline sentence.  United States v. Wright, 594 F.3d 259, 268 (4th Cir.) (quoting Gall, 552 U.S. at 51, internal quotation marks omitted), cert. denied, 131 S. Ct. 507 (2010).

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED